

THE ATTORNEY GENERAL
OF TEXAS

AUSTIN, TEXAS 78711

JOHN L. HILL.
ATTORNEY GENERAL

April 5, 1974

The Honorable Robert S. Calvert
Comptroller of Public Accounts
State of Texas
Austin, Texas

Opinion No. H- 273

Re: Liability for Motor Vehicle
Sales Tax where truck trans
ferred from sole proprietor-
ship or partnership to wholly
owned corporation.

Dear Mr. Calvert:

You have requested our opinion as to whether a transfer of motor vehicles occurring in connection with the incorporation of a sole proprietor-ship or partnership by its owners is subject to the Motor Vehicle Retail Sales and Use Tax imposed by Art. 6.01, Taxation-General, V. T. C. S. If our opinion is in the affirmative, you then ask what would be the basis to which the 4% tax rate should apply.

The following fact situation apparently provoked your request. A man and his wife formed a partnership to engage in the trucking business. They purchased two trucks, had them titled in the name of the partnership, and paid the 4% motor vehicle sales tax due on the transaction. Two days later the couple decided to incorporate their business. They formed a corporation and issued all of its shares to themselves in equal amounts. The partnership was liquidated, and all of its assets including the trucks were transferred to the corporation. The question is whether the corpora-tion must now pay a sales tax when it registers title to the trucks in its name, and the answer depends on whether or not there has been a retail sale of the trucks.

Article 6.01, Taxation-General, V. T. C. S. , imposes a tax on all retail sales of a motor vehicle. In Article 6.03 "sale" and "retail sale" are defined as follows:

"(A) Sale.  The term 'sale' as herein used
shall include installment and credit sales, and the
exchange of property as well as the sale thereof
for money, every closed transaction constituting a
sale.  The transaction whereby the possession of
property is transferred but the seller retains title
as security for the payment of the price shall be
deemed a sale.

"(B) Retail Sale.  The term 'retail sale' as
herein used shall include all sales of motor vehicles
except those whereby the purchaser acquires a
motor vehicle for the exclusive purpose of resale and
not for use and shall not include those operated under
and in accordance with the terms of Article 6686,
Revised Civil Statutes of Texas, 1925, as amended.
The term 'retail sale' also shall include rentals the
gross receipts from which are subject to the tax
imposed by this Chapter, and purchases used or to
be held for in such rentals shall be considered pur-
chases for resale. "

This office has on several occasions issued opinions bearing on
what constitutes a taxable sale for purpose of the motor vehicle sales
tax imposed by Art. 6. 01.  For example, in Attorney General Opinion
O-6871 (1945), the stockholders of a corporation had dissolved it and had
transferred all of its assets including vehicles to a partnership they had
formed and in which  each stockholder held an interest proportionate to
what he had held in the corporation.  This office was asked whether the
transfer of vehicles from the dissolved corporation to the newly formed
partnership constituted a taxable sale. . This office held that the owners of the
business had simply adopted a different form of doing business and that
insofar as the transfer of vehicles from the dissolved corporation to the
newly formed partnership was a part of this reorganization without a
change in ownership there was no taxable sale.

A similar question was presented in Attorney General Opinion S-22 (1953). A Texas corporation had been merged into a Delaware corporation. All of its capital stock and assets including vehicles were then acquired by the Delaware corporation which offered no consideration in return, apparently because ownership of both corporations was the same. We held that the transfer of vehicles occurring in connection with the merger did not constitute a sale for purposes of the motor vehicle sales tax. The opinion stated:

> "It appears that if there be a merger of two corporations, either by contract or by operation of law, without consideration moving to the liquidated corporation, it does not have the effect of converting the transfer of the assets of the liquidated corporation to the surviving corporation into a sale of the assets." S-22 at p. 1.

On the other hand, in Attorney General Opinion C-764 (1966), there was a transfer of vehicles between a subsidiary corporation and its parent but no merger of the two entities. Both corporations continued doing business, and the books of the parent indicated that it owed the subsidiary a large sum of money in return for the vehicles. In these circumstances we held that a taxable sale had occurred because even though the two corporations may have had the same ownership they were separate entities doing business independently of each other, they had not merged, and the parent was to pay a consideration other than stock for the vehicles.

The interpretaion established in these opinions, then, is that there is no taxable sale for Art. 6.01 purposes when vehicles are transferred in connection with the adoption of a new form of doing business without a change in ownership and with no consideration other than stock in the newly formed entity being exchanged. See also National Dairy Products Corporation v. Carpenter, 326 S.W. 2d 87 (Mo. 1959), but cf. Attorney General Opinion V-36 (1947).

Applying this interpretation to the situation you describe, it is plain that no taxable sale has occurred. The owners of a trucking business have

simply adopted a new form of doing business; their partnership has been discontinued, and a corporation formed in its place. In exchange for the transfer of vehicles and other assets to the new corporation the partners received no consideration other than stock in that corporation. Ownership of the business remains the same. It is our opinion that in this situation there is no sale under Art. 6.01 and therefore the new corporation need not pay the motor vehicle sales tax when it registers title to the trucks in its name.

## SUMMARY

There is no liability for the motor vehicle sales tax imposed by Art. 6.01, Taxation-General, V. T. C. S. when vehicles are transferred in connection with the incorporation of a partnership or sole proprietorship so long as there is no change in ownership and no consideration other than stock in the newly formed entity is exchanged.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED

Larry F. York, First Assistant

David Kendall, Chairman
Opinion Committee